Giieen, J.
delivered the opinion of the court.
This is an action of ejectment, brought by the plaintiff in error, to recover the possession of the land on which the defendants live. The defendants are the widow and son of James Craig deceased. The plaintiff claims title under a quit-claim deed from James Craig for his land. The defendants resist a recovery under a lease from the plaintiff, executed after the deed of quit-claim.
The plaintiff proved, that after the execution of said lease to the said James Craig, and while said Craig was in possession of the land under the lease, he, the said Craig, took a deed in fee to himself, for the said land, from the sheriff of Wilson county, and insisted that the said Craig thereby forfeited his lease. The defendant Susan is the widow of said James Craig, and was his wife when the lease was made, and she insists, the terms of the lease confer rights upon her, which could not be affected by the alleged disclaimer of James Craig, her husband. The lease from the plaintiff to Craig, after stipulating that for the consideration of one dollar, he had leased said *468 land to said Craig, provided as follows: “Now tbe said James Craig bas tbe said lease for tbe' term of tbe natural life of himself and wife the same being secured for tbe separate use, for tbe maintainance of tbe said Craig and his present wife, and for no other use, &c.
Tbe court charged the jury, in substance, that it was not - necessary to enquire whether James Craig bad forfeited bis right under the lease, inasmuch as the lease was made for the separate use and maintainance of the wife during her life. She had a right to claim her interest therein, after his death, notwithstanding he might have taken a deed in fee-simple for the land.
The jury found a verdict for the defendants. The plaintiff filed an affidavit, stating that he was surprised on the trial, by the production of the lease, to find that it contained words that could by any means be construed to mean, that any estate was conveyed to said Susan, and that not having seen the lease since it was made, he did not introduce evidence, as he could have done, that she also had claimed adversely to him, under said deed to her husband. The plaintiff also read the affidavit of John A. Trigg, that the affiant had heard said Susan say, she did not claim under the lease, but under the deed to her husband.
Dn’these affidavits the plaintiff moved for a new trial, ■which the court refused, and he appealed to this court.
1. The first question is, did his Honor err in the construction of this lease ? We think he did not. The lease is made to James Craig for a valuable consideration, “for the term of the natural life of himself and wife, the same being secured for the separate use, for the maintainance of the said Craig and his present wife, and for no other use.” Whether a grant be for the separate use of a wife *469 depends on the intention of the party making it, which intention, it is not necessary that technical language shall be used; it is enough if the intention appear. 2 Kent. Com., 155; Clancy, 251; 8 Yer., 38.
In the case before us, the intention to give an estate for the benefit of the wife plainly appears. It is granted for the term of the life of James Craig and his wife, and for the separate use, &c. The employment of the words, “separate use and maintainance,” and the limitation of the estate for the “life of himself and wife,” show that the wife’s interest was in his mind, and that he intended to provide for her. James Craig then held the estate for himself, and jointly, in trust, for the separate use of his wife, during her life. The plaintiff, therefore, has no legal title.to recover this land; for the title did not revert to him by the death of Craig. A court of chancery might appoint another trustee, if need be. In view of these observations it is manifest, James Craig’s disclaimer, had it been proved, would not have produced a forfeiture of the wife’s right under the lease.
2. As to the motion for a new trial, it is not serjously insisted that the court erred. Evidently this is no case of surprise. Affirm the judgment.